**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

```
-----------------------------X
                              )
BROADCAST MUSIC, INC.;        )
SONY/ATV SONGS LLC; THE       )
BERNARD EDWARDS COMPANY LLC;  )
SONY/ATV SONGS LLC d/b/a      )
SONY/ATV ACUFF ROSE MUSIC;    )
R-KEY DARKUS PUBLISHING;      )
ORBI-LEE PUBLISHING; BARBARA  )
ORBISON MUSIC COMPANY; TAKING )
CARE OF BUSINESS MUSIC; SONGS )
OF UNIVERSAL, INC.; ESCATAWPA )
SONGS; BRUCE ROBISON MUSIC;   )
CARNIVAL MUSIC COMPANY, a     )
Tennessee corporation d/b/a   )
TILTAWHIRL MUSIC; ZOMBIES ATE )
MY PUBLISHING; FORTHEFALLEN   )
PUBLISHING; STATE ONE MUSIC   )
AMERICA LLC d/b/a STATE ONE   )
MUSIC AMERICA,                )
                              )
            Plaintiffs,       )    CIVIL ACTION NO.:
                              )
       v.                     )
                              )
EVIE'S TAVERN ELLENTON, INC.  )
d/b/a EVIE'S TAVERN ELLENTON  )
and MICHAEL EVANOFF,          )
individually,                 )
                              )
            Defendants.       )
                              )
-----------------------------X
```

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

<u>JURISDICTION AND VENUE</u>

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C.

Sections 101 et seq. (the "Copyright Act").   This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

<u>THE PARTIES</u>

3.   Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.   BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.   BMI has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4.   The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.   Plaintiff Sony/ATV Songs LLC is a limited liability company.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.   Plaintiff The Bernard Edwards Company LLC is a limited liability company.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.   Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Acuff Rose Music.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff R-Key Darkus Publishing is a sole proprietorship owned by Roy Kelton Orbison, Jr. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Orbi-Lee Publishing is a sole proprietorship owned by Alexander Orbison. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Barbara Orbison Music Company is a sole proprietorship owned by Barbara Orbison, as Trustee. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Taking Care of Business Music is a sole proprietorship owned by John A. Fogarty. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Bruce Robison Music is a sole proprietorship owned by Bruce Ben Robison. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Carnival Music Company is a Tennessee corporation d/b/a Tiltawhirl Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16.   Plaintiff Zombies Ate My Publishing is a partnership owned by Amy Lee and Ben Moody.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

17.   Plaintiff Forthefallen Publishing is a sole proprietorship owned by David Hodges.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

18.   Plaintiff State One Music America LLC is a limited liability company d/b/a State One Music America.   This Plaintiff is the copyright owner of at least one of the songs in this matter.

19.   Defendant Evie's Tavern Ellenton, Inc. is a corporation organized and existing under the laws of the State of Florida, which operates, maintains and controls an establishment known as Evie's Tavern Ellenton, located at 5955 Factory Shops Boulevard, Ellenton, Florida 34222-4125, in this district (the "Establishment").

20.   In connection with the operation of this Establishment, Defendant Evie's Tavern Ellenton, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

21.   Defendant Evie's Tavern Ellenton, Inc. has a direct financial interest in the Establishment.

22.   Defendant Michael Evanoff is a director of Defendant Evie's Tavern Ellenton, Inc. with primary responsibility for the operation and management of that corporation and the Establishment.

23.   Defendant Michael Evanoff has the right and ability to supervise the activities of Defendant Evie's Tavern Ellenton, Inc. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

24.   Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 23.

25.   Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

26.   Annexed as the Schedule and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the six (6) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6

indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

27. For each of the musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of the work (all references to Lines are lines on the Schedule).

28. For each work, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

29. For each work, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

30. For each work, on the date(s) listed on Line 7, Defendants performed and/or caused the musical composition identified on Line 2 to be publicly performed at the Establishment without a license or permission to do so. Thus, Defendants have committed copyright infringement.

31. The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI

repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.   Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) That Plaintiffs have such other and further relief as is just and equitable.

Dated: _September 8_____ ,2011

By: _____
Zachary Messa, FBN 0513601
E-Mail: ZacharyM@jpfirm.com
Frank R. Jakes, FBN 372226
E-Mail: FrankJ@jpfirm.com
Johnson, Pope, Bokor,
Ruppel & Burns, LLP
403 E. Madison Street, Ste 400
Tampa, FL 33602
Tel: (813) 225-2500
Fax: (813) 223-7118
Attorney for Plaintiffs

145351

7

# *Schedule*

| Line 1 | Claim No. | 1 |
|--------|-----------|---|
| Line 2 | Musical Composition | Good Times a/k/a Rappers' Delight |
| Line 3 | Writer(s) | Nile Rodgers; Bernard Edwards |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; The Bernard Edwards Company LLC |
| Line 5 | Date(s) of Registration | 6/27/79   6/16/81 |
| Line 6 | Registration No(s). | PA 37-207   PA 108-303 |
| Line 7 | Date(s) of Infringement | 5/12/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |

| Line 1 | Claim No. | 2 |
|--------|-----------|---|
| Line 2 | Musical Composition | Oh, Pretty Woman a/k/a Pretty Woman |
| Line 3 | Writer(s) | Roy Orbison; Bill Dees |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music; Roy Kelton Orbison, Jr. d/b/a R-Key Darkus Publishing; Alexander Orbison d/b/a Orbi-Lee Publishing; Barbara Orbison as Trustee d/b/a Barbara Orbison Music Company |
| Line 5 | Date(s) of Registration | 1/13/92   8/28/64 |
| Line 6 | Registration No(s). | RE 569-701  Ep 191739 |
| Line 7 | Date(s) of Infringement | 5/11/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | You Dropped A Bomb On Me |
| Line 3 | Writer(s) | Lonnie Simmons; Charlie Wilson; Rudy Taylor |
| Line 4 | Publisher Plaintiff(s) | John A Fogarty, an individual d/b/a Taking Care Of Business Music |
| Line 5 | Date(s) of Registration | 5/20/82 |
| Line 6 | Registration No(s). | PAu 403-085 |
| Line 7 | Date(s) of Infringement | 5/11/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Kryptonite |
| Line 3 | Writer(s) | Bradley Kirk Arnold; Robert Todd Harrell; Matthew Darrick Roberts |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.;  Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs |
| Line 5 | Date(s) of Registration | 2/28/00 |
| Line 6 | Registration No(s). | PAu 2-480-972 |
| Line 7 | Date(s) of Infringement | 5/11/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Angry All The Time |
| Line 3 | Writer(s) | Bruce Robison |
| Line 4 | Publisher Plaintiff(s) | Bruce Ben Robison, an individual d/b/a Bruce Robison Music; Carnival Music Company, a Tennessee corporation d/b/a Tiltawhirl Music |
| Line 5 | Date(s) of Registration | 4/30/99 |
| Line 6 | Registration No(s). | PA 952-921 |
| Line 7 | Date(s) of Infringement | 5/11/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |

| | | |
|---|---|---|
| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | Bring Me To Life |
| Line 3 | Writer(s) | Amy Lee; Ben Moody; David Hodges |
| Line 4 | Publisher Plaintiff(s) | Amy Lee and Ben Moody, a partnership d/b/a Zombies Ate My Publishing; David Hodges, an individual d/b/a Forthefallen Publishing; State One Music America LLC d/b/a State One Music America |
| Line 5 | Date(s) of Registration | 5/7/03 |
| Line 6 | Registration No(s). | PA 1-152-549 |
| Line 7 | Date(s) of Infringement | 5/11/11 |
| Line 8 | Place of Infringement | Evie's Tavern Ellenton |