UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC.;
SONY/ATV SONGS LLC; THE
BERNARD EDWARDS COMPANY LLC;
SONY/ATV SONGS LLC d/b/a
SONY/ATV ACUFF ROSE MUSIC;
R-KEY DARKUS PUBLISHING;
ORBI-LEE PUBLISHING; BARBARA
ORBISON MUSIC COMPANY; TAKING
CARE OF BUSINESS MUSIC; SONGS
OF UNIVERSAL, INC.; ESCATAWPA
SONGS; BRUCE ROBISON MUSIC;
CARNIVAL MUSIC COMPANY, a
Tennessee Corporation d/b/a
TILTA WHIRL MUSIC; ZOMBIES ATE
MY PUBLISHING; FORTHEFALLEN
PUBLISHING; STATE ONE MUSIC
AMERICA LLC d/b/a STATE ONE
MUSIC AMERICA,

Plaintiffs,

v.                                                      CASE NO.: 8:11-cv-2056-T-17TBM

EVIE'S TAVERN ELLENTION, INC.
d/b/a EVIE'S TAVERN ELLENTON
and MICHAEL EVANOFF,
individually,

Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendants', EVIE'S TAVERN ELLENTON, INC., d/b/a EVIE'S TAVERN ELLENTON, and MICHAEL EVANOFF, individually, Motion to Dismiss (Doc. 9) and Plaintiffs, BROADCAST MUSIC, INC. et. al, response thereto. (Doc. 10). For The reasons stated below, Defendant's Motion to Dismiss is **DENIED.**

## BACKGROUND AND PROCEDURAL HISTORY

This cause of action arises from a copyright infringement complaint filed by the Plaintiffs. (Doc. 1) The Plaintiffs alleged that the Defendants committed six counts of copyright infringement in unauthorized and unlicensed performances of musical compositions at Evie's Tavern Ellenton ("Evie's"). (Doc. 1). Evie's is a bar owned and operated by the defendant, Evie's Tavern Ellenton, Inc., which does business under the name of Evie's Tavern Ellenton. (Doc. 9). Defendant, Michael Evanoff ("Evanoff"), is the president of Evie's Tavern Ellenton, Inc. (Doc. 9). Evanoff oversaw the activities and the financial aspects of Evie's during the time period when the alleged copyright infringement occurred. (Doc. 1). Plaintiffs contend that certain songs played at Evie's did not have a proper license and Evie's did not pay royalties. (Doc. 1). Defendants contend that Evie's did carry a proper license at all times and did not commit copyright infringement. (Doc. 9).

## STANDARD OF REVIEW

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007). Additionally, the complaint's factual allegations "must be enough to raise a right to relief above the speculative level," and move beyond "conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950-51 (2009). In deciding whether to grant or deny a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff, must accept all factual allegations as true, and must limit its consideration to the pleadings and any

exhibits attached thereto. Jackson v. Okaloosa County., Fla., 21 F.3d 1531, 1534 (11th Cir. 1991); Fed. R. Civ. P. 10(c).

## DISCUSSION

The copyright law clearly states that anyone who publicly performs a copyrighted musical work, without permission or a license from its owner, commits copyright infringement. 17 U.S.C. §§ 106(4), 501(a). To prevail on a prima facie copyright infringement claim, the plaintiff must prove three elements: (1) ownership of a valid copyright in the work and (2) public performance of the work by the defendant (3) without authorization from the plaintiff. Morley Music Co. v. Cafe Continental, Inc., 777 F. Supp. 1579, 1582 (S.D. Fla. 1991). "Once a plaintiff has proven that he or she owns the copyright on a particular work, and that the defendant has infringed upon those 'exclusive rights,' the defendant is liable for the infringement and this liability is absolute." Cass County Music Co. v. C.H.L.R., Inc., 88 F.3d 635, 637 (8th Cir. 1996).

Reviewing the pleadings, it is undisputed that Plaintiffs own valid copyrights for the musical compositions and performances at issue. Thus, the question turns on whether the Plaintiffs provided sufficient evidence to meet the remaining elements for a prima facie case of copyright infringement. Defendants raise multiple issues in their motion to dismiss. This Court will address each issue individually.

1. *Failure to state a cause of action for which relief may be granted*

First the Defendants contend that the complaint should be dismissed as to Michael Evanoff for failure to state a cause of action for which relief may be granted. Defendants assert that the Plaintiffs have failed to show sufficient facts entitling relief under a copyright infringement claim. As stated previously, there are three elements to raising a prima facie case of copyright infringement, and as such, the Plaintiffs have met the first prong. The next prong

requires a showing that the defendants performed the compositions. As such, the Plaintiffs have pleaded such facts in their original complaint. The Defendants stated that they have a license and did not violate any copyright infringements without further evidence. The existence of a license creates an affirmative defense to a claim of copyright infringement. I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996). The burden is on the Defendants to plead and prove the defense. Fed. R. Civ. P. 8(c). Thus, the defense must be plead at the time an answer is filed and, therefore, proven. The claim of dismissal is premature.

Plaintiffs have met their initial burden in showing that Defendants' performance was unauthorized because Defendants have yet to introduce any evidence of a license or other permission given to Evie's. This argument fails to establish facts as to why this case should be dismissed.

2. *The complaint fails to establish facts to pierce the corporate veil*

Defendants next contend that Evie's enjoys the protection of the corporate shield under Florida law, and as such, its officers and agents are not liable for the copyright violations. Additionally, the Defendants argue that the "improper conduct" theory controls, and because of this the Plaintiffs have failed to establish facts that support that the corporate veil can be pierced. Plaintiffs contend that they have satisfied the pleadings requirements in their original complaint and additionally raise the argument that the Copyright Act permits the Plaintiffs to hold Evanoff vicariously liable for the infringements that occurred at Evie's, because of his role in the business.

As to the doctrine of vicarious liability, Plaintiffs argue that Evanoff is individually liable for the actions of Evie's when it was in his direct control. As such, the Defendants bear the burden of demonstrating that their president is not liable for the acts of Evie's in this suit. Under

the Copyright Act, 17 U.S.C.S. § 101 et seq., an individual who is the dominant influence in a corporation, and through his position can control the acts of that corporation, may be held liable for the corporation's infringing conduct even in the absence of the individual's actual knowledge of the infringements. "Liability may be imposed under theories of vicarious liability or contributory infringement." Cass County Music Co. v. Khalifa, No. 96-7171, 1996 U.S. App. LEXIS 26084, 1996 WL 560748, at *2 (2d Cir. Oct. 3, 1996) (citing Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)). A corporation or individual is held vicariously liable "for copyright infringement if he: '(1) has the right and ability to supervise the infringing activity, and (2) has a direct financial interest in such activities.'" Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005).

The alleged facts show that Evie's had a financial interest in the public performances on the night of the alleged copyright infringement. Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement. Therefore, there is no reason to address the "improper conduct" argument as copyright law applies. Plaintiffs met their burden in providing sufficient evidence to establish that Defendants publicly performed their copyrighted musical compositions and that Michael Evanoff is a proper party to the suit. This argument fails to establish facts as to why this case should be dismissed.

3. *The complaint fails to allege how Plaintiffs have capacity to sue*

The Defendants next contend that the complaint fails to address the state of incorporation of the multiple Plaintiffs in this cause of action. Plaintiffs contend that Rule 17(b) imposes no

5

requirement that a party plead its state of incorporation. Plaintiffs argue that the Court has exclusive jurisdiction over copyright infringement claims, and the additional parties were properly joined under Rule 17(a) and 19(a) in the complaint.

As stated previously, to maintain a cause of action for copyright infringement the first prong requires a showing that a party is the owner of copyrighted material. As such, the Plaintiffs have clearly presented evidence as to the capacity of each individual entity to sue in their respective capacities. This Court has proper jurisdiction and Plaintiffs have properly joined the additional parties. This argument fails to establish facts as to why this case should be dismissed.

    4. *The complaint fails to adhere to the Fictions Names Act under Florida law*

Defendants contend that Plaintiffs are barred from bring suit because they did not follow the statutes regarding registering their business in the state of Florida. Plaintiffs argue that the complaint establishes that the parties to which the Defendant is referring do not do business in Florida and as such they are not required to be registered in the state. Additionally these parties are the owners of copyrighted material for which is the central cause of action, and have followed the proper requirements in establishing a prima facie case for a copyright infringement.

The copyright infringement pleading requirements do not require entities to comply with state law registration, unless that entity does business in that state. The facts do not show that the entities are doing business in Florida nor do Defendants provide facts to the contrary. The argument that when certain parties are joined to a suit suggests they are operating or conducting business in the state of Florida, without any additional facts, fails to have any merit. Thus, this argument fails to establish facts to why this case should be dismissed.

### 5. *The "Schedule" should be struck because it is self-serving*

In conclusion, the Defendants request that at a minimum the "Schedule" the Plaintiffs provided should be struck because it a document they created to support the copyright infringement violation and is self-serving. The Plaintiffs contend that the "Schedule" was provided to show detailed information about each alleged violation and corresponding information associated with it. The "Schedule" merely indicates musical compositions, publisher plaintiffs, dates of registration, copyright registration numbers, dates of infringement and places of infringement. Plaintiffs argue that Defendants have shown no basis for striking this attachment as it provides Defendants with information beyond a mere notice pleading.

In evaluating a motion to dismiss, a court is bound by the information provided in the complaints. As such, the factual statements must be taken as true in determining if dismissal is proper. This Court see no reason how an attached "Schedule," for which benefits the Defendants in understanding and defending this suit, without any other statements to why its harmful, should be the basis for striking this document from the complaint. The Court acknowledges how this document could be deemed "self-serving" much the way a complaint filed by the plaintiffs would be self-serving. The "Schedule" is merely a list, that itemizes the alleged infringements, and does nothing more to benefit the Plaintiffs in this suit. This argument does not establish any facts as to why the "Schedule" should be struck nor why this complaint should be dismissed.

Accordingly it is:

**ORDERED** that EVIE'S TAVERN ELLENTON, INC.'S, and MICHAEL EVANOFF'S, Motion to Dismiss (Doc. 9) be **DENIED**. The Defendants in this order shall answer Plaintiffs' Complaint within ten days of this order.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 30th day of November, 2011.

ELIZABETH A KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record