UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC.,
et al,

    Plaintiffs,

vs.                                                CASE NO. 8:11-cv-02056-EAK-TBM

EVIE'S TAVERN ELLENTON, INC.,
and MICHAEL EVANOFF,

    Defendants.
_____/

## ORDER GRANTING ATTORNEYS' FEES AND COSTS

This cause is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs ("Motion") (Doc. 60), and Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs ("Response") (Doc. 62). The Court has carefully reviewed the Motion, the Response, and the parties' related submissions.  For the reasons set forth below, the Court finds that Plaintiff is entitled to an award of fees and costs in the amount of $32,517.50.

## BACKGROUND

On September 30, 2013, the Court entered judgment in favor of Plaintiffs on five of six alleged copyright infringement claims. (Doc. 58).  In its Order, the Court found it appropriate to award attorneys' fees and costs to Plaintiffs based on Defendants' refusal to resolve the matter prior to extensive litigation despite their knowing infringement of copyright law. (Doc. 58).  The Court directed the parties to confer, in good faith, and reach an agreement as to the appropriate

fees and costs to be awarded. The parties were unable to agree on a reasonable amount, and Plaintiffs filed this motion.

## DISCUSSION

### I. Attorneys' Fees

In evaluating Plaintiffs' request for attorneys' fees, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. *Loranger v. Stierham*, 10 F.3d 776, 781 (11th Cir. 1994). The Court also determines whether an adjustment to the lodestar is necessary based on the results obtained. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

#### A. Reasonable Hourly Rate

To determine whether an attorney's hourly rate is reasonable, the Court must compare it to "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hour. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden rests on the party seeking attorney's fees to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* The Court may also consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Those factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results

obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-18.

The Court has carefully reviewed the supporting documents offered by both parties and find the hourly rate of attorney Zachary Messa to be reasonable, but it will lower the hourly rate of attorney Frank Jakes downward to $300.00. [1] First, Defendants do not challenge Attorney Messa's rate of $250.00 per hour.  Second, although Defendants assert that all work done in regards to this case, including Attorney Jakes' work, should be billed at $250.00 per hour, they offer no evidence by which to convince this Court that lowering his rate from $425.00 to $250.00 is appropriate.  Mr. Horowitz' affidavit, offered by the Defendants in support of their contention, is essentially a verbatim recitation of the Defendants' Response Brief, offering no additional evidence in support of lowering his rate.

B. **Reasonable Hours Spent**

When determining the hours reasonably expended by counsel, the Court should exclude those hours that are "excessive, redundant, or otherwise unnecessary" and the time expended on "discrete and unsuccessful claims." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434).  Further, an award of fees for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case. *Pelc v. Nowak*, 2013 WL 3771233 at * 4 (M.D. Fla. July 17, 2013) (quoting *Ward v. Kelly*, 515 F.2d 908, 912 n. 11 (5th Cir. 1975)).

The Court finds that Plaintiffs have not billed for "excessive, redundant, or otherwise unnecessary" hours in resolving this matter.  Instead, Plaintiffs were forced to expend significant

---

[1] The Court's decision to lower the hourly rate of Mr. Jakes is in no way a marker of the quality of the legal services he provided.  Mr. Jakes is an exceptional litigator.  Rather a fee rate of $300.00 an hour is in line with this Court's understanding of the facts of this case as applied to the Johnson factors.

time and energy fighting to resolve this dispute. Plaintiffs' Motion requests a fee award for 151 total hours of work; 136 hours for Attorney Messa and 15 hours for Attorney Jakes. However, after careful consideration of Plaintiffs' Exhibit 1B and 2B, the Court calculates only 146.2 total hours; 131.2 hours attributed to Attorney Messa and 15 hours attributed to Attorney Jakes.

The Court, however, must exclude time expended on unsuccessful claims. *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). As noted above, the Court granted summary judgment on five of Plaintiffs' six claims; and ordered Plaintiffs to withdraw the sixth claim. (Doc. 58). Accordingly, it is appropriate for the Court to exclude one-sixth of the total hours from the Plaintiffs' award of fees. Thus, Plaintiffs are entitled to an award of fees for 109.3 hours for Attorney Messa's work and 12.5 hours for Attorney Jakes' work.

    C. **Award**

Based on the foregoing discussion, the Court finds that Plaintiffs are entitled to recover for 109.3 hours of work at a rate of $250.00 per hour, and for 12.5 hours of work at a rate of $300.00 per hour. Plaintiffs are entitled to a total fee award of $31,075.00.

II. **Costs**

The Court has discretion to award "the costs of the action" to a prevailing plaintiff. 15 U.S.C. Sec. 1117(a). The "costs of the action" are generally defined in 28 U.S.C. Sec. 1920. *Pelc*, 2013 WL 3771233 at *4 (citing *Arlington Cent. Sch. Bd. Of Educ. v. Murphy*, 548 U.S. 291, 301 (2006)). Under that section, a judge of any United States' court may award costs for any of the following:

    1) Fees of the clerk and marshal;
    2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title; and

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The party seeking costs must not only show that the costs are recoverable, but must also provide sufficient detail and documentation regarding the costs in order to permit challenges by opposing counsel and meaningful review by the court. *Global Patent Holdings, LLC v. Panthers BRHC LLC*, 2009 WL 1809983 at *2 (S.D. Fla. June 25, 2009).

Plaintiffs seek costs of $350.00 for the filing fee; $425.00 for witness costs; $130.00 for Service of Summons fees; and $537.50 for the costs of the deposition transcript of Defendant. These costs total $1,442.50. The Court finds that these costs are recoverable, and Plaintiffs have provided sufficient documentation supporting their claim. Moreover, Defendants have not challenged the award for costs in their Response. Accordingly it is:

**ORDERED** that Plaintiffs' Motion for Attorneys' Fees and Costs is **GRANTED** in the amount of $32,517.50 ($31,075.00 for Fees + $1,442.50 for Costs) in favor of Plaintiffs and against Defendants Evie's Tavern Ellenton, Inc. and Michael Evanoff.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 5th day of December, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE