UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BROADCAST MUSIC, INC.,
et al,

    Plaintiffs,

vs.                                               CASE NO. 8:11-cv-02056-EAK-TBM

EVIE'S TAVERN ELLENTON, INC.,
and MICHAEL EVANOFF,

    Defendants.
_____/

**ORDER GRANTING ATTORNEYS' FEES**

    This cause is before the Court on Appellees' Amended Motion for Attorneys' Fees (Doc. 81), and Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees (Doc. 82). The Court has carefully reviewed the Motion, the Response, and the parties' related submissions. For the reasons set forth below, the Court finds that Plaintiffs are entitled to an award of fees in the amount of $16,055.00.

## BACKGROUND

On September 30, 2013, the Court entered judgment in favor of Plaintiffs on five of six alleged copyright infringement claims. (Doc. 58) Subsequently, the Defendants filed an appeal of the orders of this Court. The appeal has been concluded and the appellate court affirmed this court's orders granting summary judgment and awarding damages, attorneys' fees, and a permanent injunction including the determination that this Court correctly granted fees based on the fact that "the infringement was done with knowledge, resulted in hotly contested legal action, and because of the effort Appellees exerted prior to this lawsuit. The district court also found that because Appellants' arguments proved futile, and the matter could have been resolved for a relatively small amount of money..." (Doc. 79, pg. 12).

## DISCUSSION

**I. Attorneys' Fees**

In evaluating Plaintiffs' request for attorneys' fees, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonable hourly rate. *Loranger v. Stierham*, 10 F.3d 776, 781 (11th Cir. 1994). The Court also determines whether an adjustment to the lodestar is necessary based on the results obtained. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The fee applicant bears the burden of establishing entitlement to an award and documenting appropriate hours and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**A. Reasonable Hourly Rate**

To determine whether an attorney's hourly rate is reasonable, the Court must compare it to "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hour. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The burden rests on the party seeking attorneys' fees to produce "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* The Court may also consider the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Those factors include: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-18.

The Court in awarding attorneys' fees earlier in the case carefully reviewed the supporting documents offered by both parties and found the hourly rate of attorney Zachary Messa to be reasonable at $250.00 an hour.  But the Court lowered the hourly rate of attorney Frank Jakes downward to $300.00. The Court stated: "The Court's decision to lower the hourly rate of Mr. Jakes is in no way a marker of the quality of the

legal services he provided. Mr. Jakes is an exceptional litigator. Rather a fee rate of $300.00 an hour is in line with this Court's understanding of the facts of this case as applied to the Johnson factors." The Court finds no reason to recede from that previous decision, therefore, Mr. Jakes hourly rate is set an $300.00 an hour.

**B. Reasonable Hours Spent**

When determining the hours reasonably expended by counsel, the Court should exclude those hours that are "excessive, redundant, or otherwise unnecessary" and the time expended on "discrete and unsuccessful claims." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). Further, an award of fees for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case. *Pelc v. Nowak*, 2013 WL 3771233 at * 4 (M.D. Fla. July 17, 2013) (quoting *Ward v. Kelly*, 515 F.2d 908, 912 n. 11 (5th Cir. 1975)). The Court finds that Plaintiffs' attorneys have not billed for "excessive, redundant, or otherwise unnecessary" hours in resolving this matter.

The Court does not find the objections of the Defendants to be well-taken as to the hours expended. The Defendants asks the Court to deny all fees or if not that to deny all of Mr. Jakes' fee requests and to lower the hours of Mr. Messa to somewhere between twenty-two to thirty-one compensable hours. The Court finds that the Appellees request for hours are well-taken based on the hourly rates which are being applied and the Court will allow for those hours to be awarded.

**C. Award**

Based on the foregoing discussion, the Court finds that Appellees are entitled to recover for 36.5 hours of work at a rate of $250.00 per hour for Mr. Messa (total of $9,125.00), and for 23.1 hours of work at a rate of $300.00 per hour for Mr. Jakes (total of $6,930.00). Plaintiffs are entitled to a total fee award of $16,055.00. Accordingly it is

**ORDERED** that Plaintiffs' Motion for Attorneys' Fees is **GRANTED** in the amount of $16,055.00 in favor of Plaintiffs and against Defendants Evie's Tavern Ellenton, Inc. and Michael Evanoff, consistent with this order. The Clerk of Court is directed to enter judgment for the same.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 28th day of April, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record